UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JESUS L.R.,[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX, et al.,<br><br>Respondents. | No. 1:26-cv-08304-TLN-AC<br><br>A # 240-174-889<br><br>**RELEASE ORDER** |

This matter is before the Court on Petitioner Jose Jesus L.R.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondents filed an opposition. (ECF No. 7.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.) Respondents are directed to IMMEDIATELY RELEASE Petitioner.

///

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

Petitioner is a noncitizen who entered the United States approximately fifteen[2] years ago without inspection. (ECF No. 1 at 5; ECF No. 7 at 4.) Petitioner supports his wife and daughter as a house cleaner and a pastor at a local church. (*Id.*) U.S. Customs and Immigration Enforcement ("ICE") arrested Petitioner on October 6, 2026. (*Id.* at 6; ECF No. 7 at 4–5.) Petitioner suffers from stomach ulcers and alleges that he has not been provided medication for them since his arrest. (ECF No. 1 at 5.) The government has not served Petitioner with any warrant, Notice to Appear in immigration court, or a custody determination form. (*Id.* at 7.) Petitioner was subsequently transferred to Golden State Annex Detention Facility and has not received a bond hearing in immigration court. (*Id.* at 7.)

On October 9, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus. (ECF No. 1.) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.*)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

---

[2] Petitioner states that he "has lived in Clovis, California and the surrounding area for over 15 years." (ECF No. 1 at 5.) Neither the habeas petition nor Respondents' records confirm the precise date he entered the United States.

## III. ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause and the Immigration and Nationality Act ("INA"). (ECF No. 1 at 11–13.) In opposition, Respondents contend Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) ("§ 1225(b)(2)"). (ECF No. 7 at 1.)

### A. Immigration and Nationality Act

8 U.S.C. § 1226(a) ("§ 1226(a)") "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). The statute affords the government broad discretion whether to release or detain the individual. *Id.* It also provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202. Conversely, § 1225(b)(2) mandates detention during removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Until the U.S. Department of Homeland Security changed its policy in July 2025, the government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.

Respondents' sole argument for the lawfulness of Petitioner's detention is that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2). Respondents' argument as to the applicability of § 1225(b)(2) is unavailing as the Ninth Circuit has confirmed the government's interpretation of the statute is incorrect. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under § 1226(a). *Id.* at *3.

In addition to not being provided a bond hearing, on the record before the Court, there is

no indication that Petitioner has ever been served with a warrant for his arrest or a Notice to Appear in immigration court, or even that these documents exist.[3] (*See generally* ECF No. 7.) These failures each independently violate the INA and its implementing regulations. (ECF No. 7; ECF No. 8 at 2); *see* 8 C.F.R. § 236.1(b) (authorizing the detention of a noncitizen pursuant to a warrant "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed . . . ."); *A.E.R.T. v. Wofford*, No. 1:25-CV-01824-KES-SKO, 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025) (ordering release where noncitizen was arrested without a warrant in violation of § 1226(a)); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (finding that "[f]ailure to comply with the procedures set forth by 8 U.S.C. § 1226(a) and its implementing regulations during a petitioner's initial detention renders that detention unlawful" including "failure to arrest following or contemporaneously with the issuance of a warrant pursuant to § 1226(a)").

The Court therefore finds that Petitioner's detention did not comply with the requirements of the INA.

B. Fifth Amendment Due Process Clause

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

---

[3] Respondents' records state that ICE "authorized the issuance of a Warrant for Arrest of Alien," however Respondents have not provided this document to the Court. (ECF No. 7 at 4.) Petitioner alleges that the government has never served him with such a warrant and Respondents have not disputed this allegation. (ECF No. 1 at 7; *see generally* ECF No. 7.) The Court was clear in its Order to Respondents to answer the habeas petition that they must provide "any custody determinations, warrants, or notices; and any other portions of Petitioner's A-File relevant to the determination of the issues presented in the Petition." (ECF No. 5.)

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

As to the first step, the Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). The Court finds Petitioner has a clear interest in his continued freedom protected by the Due Process Clause. Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693. Respondents do not dispute that Petitioner has a protected liberty interest, other than to argue for the application of § 1225(b)(2), which the Court rejects for the reasons stated above. (*See generally* ECF No. 7.)

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. Having considered the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court finds Petitioner is entitled to notice and a hearing before a neutral decisionmaker. *See Brayan C. C. v. Warden of California City Corr. Ctr.*, No. 2:26-CV-00641-TLN-JDP, 2026 WL 710358, at *3–4 (E.D. Cal. Mar. 13, 2026). First, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. Second, the risk that Petitioner is being erroneously deprived of his liberty is high given that he has no criminal history and has extensive ties to the community. Respondents do not argue Petitioner is a danger or a flight risk,[4] and Petitioner has received virtually no procedural

[4] Respondents' records state that the arresting ICE officer conducted a "flight risk analysis" before proceeding with a warrantless arrest. (ECF No. 7 at 5.) Respondents develop no

safeguards to ensure his detention is justified. Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The Court notes that Respondents put forth no substantive argument on the process due to Petitioner.

Thus, upon consideration of the *Mathews* factors, the Court finds Petitioner is entitled to notice and a hearing before a neutral decisionmaker. He has received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS[5] the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Jose Jesus L.R. A# 240-174-889 from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See*

---

meaningful argument based upon this analysis, and the Court is unpersuaded by it in any case. Contrary to the statements therein, Petitioner does not have "[n]o community ties," and in fact has been a member of his community for fifteen years with a family and steady employment. (*Id.*); *cf. Garcia Lanza v. Noem*, 822 F. Supp. 3d 326, 333 (E.D.N.Y. 2026) (ICE "grossly abused" its authority under 8 U.S.C. § 1357 to effect warrantless arrest of noncitizens without legal status who are "likely to escape before a warrant can be obtained" when warrant and Notice to Appear were issued after arrest and where the noncitizen had been present in the country for fifteen years).

[5] Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 1 at 14.) The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

*Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. The Motion for Temporary Restraining Order is DENIED as moot. (ECF No. 3.)

4. **The Clerk of Court is directed to serve Golden State Annex Detention Facility with a copy of this Order.**

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: October 19, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE